MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Covell, | No. CV 07-2453-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

On December 3, 2007, Plaintiff Frederick Covell, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a December 13, 2007 Order, the Court dismissed the Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 3 and 8, 2008, Plaintiff filed virtually identical Motions to Enlarge Time Frame. In a January 17, 2008 Order, the Court granted Plaintiff an additional 30 days to file an amended complaint.

On February 19, 2008, Plaintiff filed a First Amended Complaint. In a March 14, 2008 Order, the Court dismissed the First Amended Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

**TERMPSREF**

On April 11, 2008, Plaintiff filed a Second Amended Complaint (Doc. #10). The Court will dismiss Count Three of the Second Amended Complaint and will order Defendant Arpaio to answer Counts One and Two.

## I.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.   Second Amended Complaint

In his Second Amended Complaint, Plaintiff sues Maricopa County Sheriff Joseph Arpaio. In each count, Plaintiff alleges that Defendant Arpaio violated Plaintiff's First Amendment "right to receive mail."

In Counts One and Two, Plaintiff alleges that Defendant Arpaio implemented a policy requiring that all non-legal incoming mail must be on metered postcards. Plaintiff contends this policy is not reasonably related to legitimate penological interests. Plaintiff asserts that, as a result of the policy, he has been unable to receive personal photographs and letters from his mother (Count One), and has been unable to receive legal mail from witnesses in his criminal case, where he is representing himself (Count Two).

In Count Three, Plaintiff alleges that Defendant Arpaio is a policymaker at the Jail and that the Maricopa County Sheriff's Office rejects Plaintiff's mail and does not provide him with a mail rejection slip, as required by the Maricopa County Sheriff's Office's rules and regulations, and does not return the rejected mail to the sender. Plaintiff asserts this is not reasonably related to legitimate penological interests.

## III.   Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
2  (1976).  To state a claim against a supervisory official, the civil rights complainant must
3  allege that the supervisory official personally participated in the constitutional deprivation
4  or that the supervisory official was aware of widespread abuses and, with deliberate
5  indifference to the inmate's constitutional rights, failed to take action to prevent further
6  misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
7  List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
8  see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92
9  (1978).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
10 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
11 does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.
12       In Count Three, Plaintiff makes a conclusory statement that Defendant Arpaio is the
13 policymaker at the Jail, but Plaintiff does not allege that Defendant Arpaio personally
14 participated in a constitutional deprivation or was aware of widespread abuses and, with
15 deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent
16 further misconduct, or formed policies that resulted in Plaintiff's injuries.  To the contrary,
17 Plaintiff contends that the failure to issue mail rejection slips violates the Maricopa County
18 Sheriff's Office's rules and regulations.  Thus, Plaintiff has failed to state a claim in Count
19 Three, and the Court will dismiss that count.
20 **IV.    Claims for Which an Answer Will be Required**
21       Liberally construed, Plaintiff has stated claims against Defendant Arpaio in Counts
22 One and Two.  The Court will require Defendant Arpaio to answer Counts One and Two of
23 the Second Amended Complaint.
24 **V.     Warnings**
25       **A.     Release**
26       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
27 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
28

TERMPSREF

- 3 -

1  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
2  in dismissal of this action.

3  **B.    Address Changes**

4  Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
6  relief with a notice of change of address.  Failure to comply may result in dismissal of this
7  action.

8  **C.    Copies**

9  Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
10 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
11 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
12 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
13 may result in the filing being stricken without further notice to Plaintiff.

14 **D.    Possible Dismissal**

15 If Plaintiff fails to timely comply with every provision of this Order, including these
16 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
17 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
18 comply with any order of the Court).

19 **IT IS ORDERED:**

20 (1)    Count Three of the Second Amended Complaint is **dismissed** without
21 prejudice.

22 (2)    Defendant Arpaio must answer Counts One and Two of the Second Amended
23 Complaint.

24 (3)    The Clerk of Court must send Plaintiff a service packet including the Second
25 Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms
26 for Defendant Arpaio.

27
28

(4)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)  The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7)  The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 21st day of May, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge